962 F.2d 6
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CARBON FUEL COMPANY, Petitioner,
v.
Sharon L. DONELL, on behalf of the children of Paul Jarrell,
deceased; Director, Office of Workers Compensation
Programs, United States Department of
Labor, Respondents.
 No. 90-2492.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 23, 1992
Decided: May 21, 1992
 
 On Petition for Review of an Order of the Benefits Review Board. (88-2078-BLA)
 Ann Brannon Rembrandt, Jackson & Kelly, Charleston, West Virginia, for Petitioner.
 Sharon L. Donell, Respondent Pro Se;
 Dorothy L. Page, Barbara J. Johnson, United States Department of Labor, Washington, D.C., for Respondent.
 Ben. Rev. Bd.
 VACATED AND REMANDED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Carbon Fuel Company ("Carbon Fuel") appeals from a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") award of black lung benefits to Sharon Donell, the widow of Paul Jarrell, a former coal miner. We vacate and remand.
 
 
 2
 The ALJ initially evaluated the claim pursuant to 20 C.F.R. Part 727 and invoked the interim presumption pursuant to section 727.203(a)(1), but also found that Carbon Fuel rebutted this presumption by establishing that neither the miner's disability nor his death was caused even in part by pneumoconiosis. See 20 C.F.R. § 727.203(b)(3). Having denied benefits under Part 727, the ALJ evaluated the claim under 20 C.F.R. § 410.490 and again invoked the interim presumption. Finding that Carbon Fuel could not establish rebuttal pursuant to section 410.490(c)(1) or (2), and that the additional rebuttal methods applicable to Part 727 cases* were not available to Carbon Fuel under section 410.490, the ALJ awarded benefits. The Board affirmed the ALJ's award of benefits under section 410.490, without addressing the propriety of his rebuttal findings under Part 727.
 
 
 3
 Under the Supreme Court's recent decision in Pauley v. Bethenergy Mines, Inc., 111 S. Ct. 2524 (1991), it is clear that rebuttal may be accomplished pursuant to subsections (b)(3) or (4) regardless of whether the interim presumption is invoked pursuant to section 727.203 or section 410.490. Because the Board erred in concluding that the employer could not rebut the section 410.490 presumption pursuant to section 727.203(b)(3) or (b)(4), we vacate its decision and remand for further consideration. On remand, the Board should consider whether the ALJ's rebuttal findings under Part 727 were proper and, if they were, whether Carbon Fuel can rebut the section 410.490 presumption pursuant to section 727.203(b)(3) or (b)(4) evidence.
 
 
 4
 Although Carbon Fuel has filed a motion in this Court seeking reversal of the Board's decision, such action would circumvent the Board's review function. Accordingly, Carbon Fuel's motion is denied. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Rebuttal may be established under section 410.490 or Part 727 by showing that the miner is actually doing or is capable of doing his usual coal mine work. Compare 20 C.F.R. § 410.490(c) with id. § 727.203(b)(1)-(2). Under Part 727, however, rebuttal may also be established by showing that the miner's total disability was not due to pneumoconiosis or that the miner does not or did not have pneumoconiosis. See id.s 727.203(b)(3)-(4)